William C. Dresser #104375
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, CA 95113-1307
Tel: 408\279-7529
Fax: 408\298-3306

Attorneys for Creditor and Plaintiff
Saeed Fazeli

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Sasan Raissi,<br><br>    Debtor<br>_____/<br>Saeed Fazeli,<br><br>    Plaintiff,<br><br>vs.<br><br>Sasan Raissi,<br><br>    Defendant.<br>_____/ | No: 10-61444-SLJ-7<br><br>A.P. No. 11-05039<br><br>First Amended Adversarial Complaint for Non-dischargeability under sections 523a(2)(a), (4), and (6) of title 11 of the United States Code and 3613 of Title 18 of the United States Code<br><br>Demand for Trial by Jury |

Plaintiff Saeed Fazeli for its Complaint against Defendant Sasan Raissi alleges as follows:

**PARTY ALLEGATIONS**

1. Plaintiff Saeed Fazeli (hereinafter "Fazeli") is an individual residing in Santa Clara County in the State of California and is a Creditor to the Bankruptcy Estate of Sasan Raissi.

2. Defendant Sasan Raissi (hereinafter "Raissi") is a competent natural person who at all relevant times mentioned herein was a resident of the County of Santa Clara, in the State of California.

---

In Re Raissi; US Bk Ct. ND Cal, SJ no.10-61444-SLJ-7; A.P. No.
First Amended Adversarial Complaint of Saeed Fazeli     1

## JURISDICTION, VENUE, AND STANDING

3. A voluntary petition under Chapter 11 of the Bankruptcy Code was filed on November 2, 2010 by Debtor Sasan Raissi.

4. This is an adversary proceeding pursuant to Federal Rules of Bankruptcy Procedure 7001 (4) and 7001 (6), and a core proceeding pursuant to 28 U.S.C. Section 157(b). This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Sections 151, 157(b), and 1334, and Rules 3003-1 and 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

5. Venue is proper in this District pursuant to 28 U.S.C. Section 1409.

6. This is an action to determine that claims held by Claimant Saeed Fazeli against Debtor Sasan Raissi are non-dischargeable pursuant to the provisions of sections 523a(2)(a) (A) ("false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition"), (4) ("for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny), and (6) (for willful and malicious injury by the debtor to another entity or to the property of another entity) of title 11 of the United States Code and 3613 of Title 18 of the United States Code.

7. The Plaintiff has standing to assert the claims herein, and to recover the damages and other relief sought in this Complaint as Creditor pursuant to 11 U.S.C. Section 523 and related provisions.

## FIRST COUNT FOR NON-DISCHARGEABILITY

8. Debtor Raissi individually or fictitious entities that he is owner of have been sued in dozens of lawsuits. In most instances these lawsuits are based on incidents in which Debtor Raissi promised to pay people he borrowed money from or obtained property from and in which Raissi did not make payment or repayment as he promised.

9. One of these lawsuits was filed by Plaintiff Fazeli against, among others, Sasan Raissi in Santa Clara Superior Court action number 1-10-CV-182666. It stated causes of

actions titled Breaches of contract by Raissi, Declaratory Relief of right to Judicial Foreclosure against Raissi, Deceit by Raissi and Oliver, Fraud by Raissi and Oliver, Common Counts by Raissi and Oliver, Breach of Contract by Zurich American, Recision on basis of actual fraud, and Fraudulent Conveyance by Raissi in derogation of the rights of Creditor Fazeli

10. Defendant Raissi requested and Plaintiff Saeed Fazeli agreed, to have Plaintiff Saeed Fazeli loan to Defendant Raissi the sum of $70,000.

11. The purported loan was made pursuant to the representations made in writing by Defendant Raissi to Plaintiff Saeed Fazeli that Defendant Raissi was going to receive substantial cash in a couple of months and specifically that Defendant Raissi had entered into an agreement to sell the real property commonly known as 2490 Lafayette Street for $8.5 million and to sell the business of "Construction Club" for an additional $1.5 million. Defendant Raissi gave to Saeed Fazeli a copy of a document titled "General Agreement" which is the purported written agreement. The "General Agreement" on its face represented that it was entered into on August 7, 2009, would result in payment through close of escrow on October 30, 2009 or sooner. The purported contract titled "General Agreement" was purportedly entered into with Patrick Oliver. Both Defendant Raissi and Patrick Oliver signed the purported "General Agreement." A true and correct copy of this purported contract is attached to this Complaint as Exhibit A.

12. Defendant Raissi's purported "General Agreement" was represented by Defendant Raissi to be a clarification of a "Letter of Intent" from Patrick Oliver. A copy of the letter of intent is attached as Exhibit B.

13. These documents of purported agreement between Patrick Oliver and Defendant Raissi were and are a sham. Patrick Oliver never had the money or credit to purchase the business or a related property, and Defendant Raissi knew that.

14. Defendant Raissi also represented in writing that he held property interests on 350 Winchester Avenue at Santana Row that was worth twenty seven million dollars

($27,000,000.00) In truth and in fact that same property had been appraised for four and a half million dollars ($4,500,000.00). Defendant Raissi knew that the property was not worth that much when he showed to Saeed Fazeli an utterly false brochure purporting to state a much higher evaluation for the property than the property was worth.

15. Defendant Raissi entered into a written agreement with Plaintiff Fazeli to obtain a loan in the sum of seventy thousand dollars ($70,000.00) as memorialized by a "NOTE SECURED BY DEED OF TRUST." The contract was executed by both Plaintiff Fazeli and Defendant Raissi in Santa Clara County on October 10, 2009. Performance under the contract was to be made in Santa Clara County in the State of California. A true and correct copy of this note is attached to this Complaint as Exhibit C.

16. Raissi executed a Deed of Trust with Assignment of Rents as Additional Security 224-62-013 as the written document to memorialize in writing the security interest given by Defendant Raissi to Plaintiff Fazeli. A true and correct copy of this Deed of Trust is recorded on October 23, 2009 in the Santa Clara County Recorders Office as official document 20477992. A true and correct copy of this deed of trust is attached to this Complaint as Exhibit D.

17. Defendant Raissi knew, but did not disclose to Saeed Fazeli, that the property upon which the encumbrance was stated was already encumbered for substantially more than the property was worth.

18. Plaintiff Saeed Fazeli gave to Defendant Raissi on October 13, 2009 by cashier's check 426846214 the sum of seventy thousand dollars ($70,000.00). Defendant Raissi received this check and cashed it. Plaintiff is informed and believes and thereon alleges that Defendant Raissi deposited these funds either directly or indirectly into the account of Carpet Club on about October 13, 2009.

19. Raissi took this check and the proceeds from the check knowing that he had no intention of repaying the loan.

20. Plaintiff Fazeli performed all obligations required of him under the agreements

with Raissi other than those obligations which the wrongful conduct by Defendant Raissi and persons acting in agency with him and breach of contract by Defendant Raissi and persons acting in agency with him made impossible or impractical to perform.

21. Defendant Raissi committed both a substantial and total breach of the agreement and also committed actual fraud by, among other things:

    making inaccurate representations both oral and written about his assets; and

    representing inaccurately that "Patrick Oliver" was a legitimate potential buyer.

22. Defendant Raissi never performed under the terms of the Note Secured by Deed of Trust. Defendant Raissi made one and only one installment payment to Plaintiff Saeed Fazeli. That payment was by check number 1559 in the sum of seven-eight thousand five hundred dollars, for which Defendant Raissi placed a stop payment order, causing the check to bounce back from the bank. A true and correct copy of this check with notation of stop pay directions and the lodging of the check into evidence with the Santa Clara Police Department is attached to this Complaint as Exhibit E.

23. Plaintiff is informed and believes and thereon alleges that Defendant Raissi never intended to perform under this agreement. Among other things, Defendant Raissi obtained the loan by false pretenses including the presentation by Defendant to Plaintiff as if true a fraudulent document purporting to state a pending sale transaction as an assert of Plaintiff when in fact there was no pending sale and no such asset. Among other things, Plaintiff is informed and believes that after receipt of the check from Saeed Fazeli that Defendant Raissi transferred business ownership, goodwill and opportunities as well as money to his relatives without any apparent consideration other than an intent to have the relatives return the tangible and intangible property and money after Raissi avoided payment of his obligations to Creditors including Saeed Fazeli. Among other things, Raissi never made a payment on this agreement even after law enforcement indicated an intent to prosecute Raissi.

24. Saeed Fazeli retained the services of attorney Terrell S. Root to pursue

collection from Raissi of money due to Plaintiff pursuant to the terms of the Note.

25. It was only after law enforcement indicated an intent to prosecute Raissi and only after the issuance of a notice of intent to foreclose did Raissi agree to pay any money, and then only pursuant to the terms of a Mutual Release and Settlement Agreement. A true and correct copy of the Mutual Release and Settlement Agreement is attached to this Complaint as Exhibit F.

26. Raissi made only the initial payment due under the release and settlement agreement, then only at the time of signing of five thousand dollars ($5,000.00), and then only when Raissi through his counsel in exchange for this initial check came into possession of the original of the check for which Raissi had stopped payment. Raissi kept and did not return the original of the stopped payment check and did not make any further payment.

27. Plaintiff is informed and believes and thereon alleges that Defendant Raissi never intended to perform under this second written agreement, the Mutual Release and Settlement Agreement. Among other things, the only payment was issued only for Raissi to obtain possession of the original stop payment check, which then caused law enforcement to chose to not prosecute Raissi because of the absence of the original document. Among other things, Rassi made no payment after Raissi obtained the stop pay check. Among other things, Raissi's then counsel Virginia T. Hess refused thereafter to be counsel for Raissi. Among other things, Plaintiff is informed and believes that after execution of this second agreement that Defendant Raissi transferred business ownership, goodwill and opportunities as well as money to his relatives without any apparent consideration other than an intent to have the relatives return the tangible and intangible property and money after Raissi avoided payment of his obligations to Creditors including Saeed Fazeli. Among other things, Raissi never made any of the installment payments under this agreement, other than the initial payment to get possession of the original underlying note.

In Re Raissi; US Bk Ct. ND Cal, SJ no.10-61444-SLJ-7; A.P. No.
First Amended Adversarial Complaint of Saeed Fazeli        6

Case: 11-05039    Doc# 9    Filed: 05/27/11    Entered: 05/27/11 12:18:01    Page 6 of 12

28. Each of the two transactions involving Raissi including Raissi's conduct and representations of material fact made by Defendant Raissi constitute actual fraud, including obtaining money by false pretenses, false representations, and actual fraud, obtaining money by using a statement in writing that is materially false, and larceny based on willful and malicious injury by Defendant Raissi and persons acting in agency with him.

29. Raissi represented including by execution of the loan documents that he would make payments on the loan.

30. Defendant Raissi and his agents as part of a pre-conceived scheme made written, oral, and implied by conduct representations of material terms to Plaintiff, including those identified in paragraphs 10 to 29 herein with the intention of inducing Plaintiff to issue and underwrite a loan, and as part of this to give money to Raissi pursuant to the terms of the loan.

31. Defendant Raissi in presenting to Fazeli the documents to support and justify issuance of a loan directly and through his agents as part of a pre-conceived scheme identified in paragraphs 10 through 29 represented that the financial information he gave to Saeed Fazeli was accurate. Defendant Raissi on two instances in writing represented that he would pay back Saeed Fazeli.

32. These false statements both orally and in written documents by Defendant Raissi and through his agents, and concealment of material facts, were made with the knowledge, consent, and active participation of Raissi and of Doe defendants and Defendant Oliver.

33. These actions and representations were utterly and completely false. There was no loan. Defendant Patrick Oliver turned out to be a man who is and was very very poor and is and was utterly incapable of purchasing 2490 Lafayette Street or Construction Club or both. Plaintiff is informed and believes and thereon alleges that Defendant Oliver was paid money by Defendant Raissi to sign the purported General

Agreement.

34. There was no clear benefit to Saeed Fazeli in the Deed of Trust he received. The property commonly known as 2490 Lafayette Street was already encumbered in an amount greater than its value when Saeed Fazeli was issued by Defendant Raissi the Deed of Trust.

35. The actions and representations alleged in paragraphs 10 through 33 of this Complaint were made with the intent by Defendant Raissi to obtain money from Mr. Fazeli, and with the intention of avoiding Defendant Raissi being exposed to criminal prosecution for his criminal actions.

36. The actions and representations by Defendant Raissi were false. Defendant Raissi knew at the time that he made the false representations that they were false and that he was intentionally concealing from Saeed Fazeli information material to the loan.

37. Defendant Raissi has and at the time of the fraudulent representations and concealment had experience in real estate and in loans.

38. The inaccurate information was submitted by the Defendant and the promises were made by the Defendant with the direct, legal, proximate and reasonably anticipated result of deceiving Plaintiff Fazeli into issuing a loans and into Plaintiff agreeing to a second loan while giving to Defendant an procedure for Defendant to take possession of property that the DA expressly wanted possession of if the DA's office was going to prosecute Defendant herein Sasan H. Raissi.

39. Plaintiff reasonably relied on these representations. The information presented appeared accurate on its face.

40. The material misrepresentation by the Defendant Raissi resulted in the reasonable reliance upon the part of Plaintiff Fazeli. Plaintiff Saeed Fazeli expended time and expenses to enter into loan agreements. Plaintiff, in fact, did rely upon Defendant's misrepresentations and failure to disclose material facts including by Plaintiff agreeing to the initial loan, Plaintiff issuing a loan payment to Defendants, and by Plaintiff

agreeing to the later signing of a settlement agreement concerning a payment dispute.

41. The loan was in fact obtained from Plaintiff Saeed Fazeli by defendant Raissi based on these inaccurate representations and concealment of material facts, all for the benefit of Defendant Raissi including to provide cash to Raissi dba Carpet Club.

42. Plaintiff owned, possessed and had the right to possess the funds that were disbursed to Raissi directly and to Defendant Raissi individually and dba Carpet Club but for the deceit by Raissi.

43 Plaintiff further owns, possesses and has the right by constructive trust to the personal property which Defendant Raissi acquired with the funds obtained by Raissi from Plaintiff Saeed Fazeli.

44. Defendant Raissi has failed and refuses to make payments on the loans when due and is in default on the Deed of Trust secured against the real property commonly known as and located at 920 Martin Avenue, Santa Clara, CA.

45. Defendant Raissi obtained possession of the money and of the personal property referred to herein by virtue of his misrepresentations and concealment.

46. Plaintiff Fazeli did not knowingly consent to this taking, in that the taking by Defendants was obtained by virtue of false pretenses, misrepresentations and concealment.

47. The actions and statement of defendant Raissi was a direct, proximate and legal cause of Plaintiff Fazeli sustaining damage and loss of personal property.

48. Plaintiff has sustained additional damages in the value of the time he spent, and in the costs and fees of his counsel incurred prior to the filing of any action or proceeding in efforts to obtain recovery of the converted money.

49. Plaintiff has incurred legal expenses and sustained losses including attorneys fees as a direct, proximate, and legal result of Defendant's fraud and of Defendant's failure and refusal to make payments as Defendant represented in writing in the two agreements that he would do. Plaintiff is entitled to the value of the attorneys fees

incurred prior to commencing any action which had as its purpose obtaining recovery of the money obtained by fraud and larceny as recoverable damages including as set forth in Cohen v. de la Cruz, 523 U.S. 213, 223, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

50. The actions of the Defendant Raissi, including misrepresentation, conversion and larceny, were made in conscious disregard of the rights of Plaintiff Fazeli. Plaintiff Fazeli is thus entitled to recovery of exemplary damages to punish and make an example of Defendant Raissi.

51. The actions of Raissi constitute the commission of a crime. They committing the illegal act of making a false statement or report and of overvaluing land for the purpose of influencing Fazeli in violation of the provisions of Title 18 United States Code, Section 1014.

52. The actions of Raissi constitute larceny in that they caused the taking and conversion of money from Plaintiff Fazeli.

53. Debtor Raissi thus obtained money by written statements that were:
materially false;
respecting the debtor's and debtor's agent's financial condition;
on which creditor Plaintiff reasonably relied; and
ones that the debtor caused to be made or published with the intent to deceive, thereby proximately and legally causing damage and loss to Plaintiff. Plaintiff had collections remedies that it had forgone based on the false representations by Defendant Raissi of an intent to perform. See In re Siriani (9th Cir. 1992) 967 F2d 302, 306; In re Campbell (6th Cir. 1998) 159 F3d 963, 966-967.

54. Raissi caused "willful injury" because the Debtor Raissi had a subjective motive to inflict the injury and because Debtor Raissi believed the injury was substantially certain to occur as a result of his conduct. In re Jercich (9th Cir. 2001) 238 F3d 1202, 1208; In re Su, 290 F3d at 1144.

55. Raissi caused a "malicious injury" under § 523(a)(6) because he committed

wrongful acts, done intentionally, that necessarily caused injury, and were committed without just cause or excuse.

56. Plaintiff Saeed Fazeli should be awarded judgment in his favor and against Defendant Sasan Raissi and the court determine the debt to be non-dischargeable, for the full value of the Plaintiff's initial and subsequent losses caused by Debtor Raissi's fraudulent, larcenous, wilful and malicious conduct involving false written statements. This includes attorney fees which were incurred and ordered in connection with a nondischargeable judgment debt, economic damages and exemplary damages.

57. Defendant Raissi's obligations to Plaintiff are debts for:

money obtained by fraud or falsehood. 11 USC § 523(a)(2)(A);

money obtained through a false financial statement. 11 USC § 523(a)(2)(B);

larceny. 11 USC § 523(a)(4);

fraud or defalcation while acting in a fiduciary capacity. 11 USC § 523(a)(4); and

willful and malicious injury. 11 USC § 523(a)(6).

58. Plaintiff therefore requests that this Court find that Debtor Raissi is not entitled to a discharge in this case of his debts to Plaintiff Fazeli.

**PRAYER FOR RELIEF**

I. Plaintiff requests a determination under section 523 (c)(1) of Title 11 of the United States Code:

A. of the non-dischargeability under 11 USC § 523 (a) (2) (A) of the entirety of the claims of Saeed Fazeli against Sasan Raissi on the grounds that they constitute claims for money received by Debtor Defendant Raissi obtained by false pretenses, false representations, and actual fraud;

B. of the non-dischargeability under 11 USC § 523 (a) (2) (B) of the entirety of the claims of Saeed Fazeli against Sasan Raissi on the grounds that they constitute claims for money received by Debtor Defendant Raissi obtained by use of a statement in writing that is materially false; respecting the debtor's or an insider's financial condition; on which

Saeed Fazeli relied; and that Debtor Defendant Raissi caused to be made or published with intent to deceive;

    C. of the non-dischargeability under 11 USC § 523 (a) (4) of the entirety of the claims of Saeed Fazeli against Sasan Raissi on the grounds that they constitute claims for money received by Debtor Defendant Raissi based on larceny; and

    D. of the non-dischargeability under 11 USC § 523 (a) (4) of the entirety of the claims of Saeed Fazeli against Michael Raissi on the grounds that they constitute claims for money received by Debtor Defendant Raissi based on fraud or defalcation while acting in a fiduciary capacity. 11 USC § 523(a)(4); and

    E. of the non-dischargeability under 11 USC § 523 (a) (6) of the entirety of the claims of Saeed Fazeli against Sasan Raissi on the grounds that they constitute claims for money received by Debtor Defendant Raissi based on willful and malicious injury by the debtor.

    II. Plaintiff seeks a determination including in accordance with section 524 of Title 11 of the United States Code that Defendant Raissi shall not be discharged of his debts including to Plaintiff herein.

    III. Plaintiff seeks recovery of compensatory, consequential, special, and general damages as well as punitive damages, as well as costs and attorney's fees herein.

    IV. Plaintiff seeks relief from the automatic stay imposed by the filing of the petition in his case so that Plaintiff Fazeli may pursue collection his claims individually and as trustee.

    V. Plaintiff seeks such other and further relief as is just and equitable.

Dated: May 27, 2011

                                      _____
                                      William C. Dresser
                                      Attorneys for Creditor and Plaintiff
                                      Saeed Fazeli

Faz-Rais\Pld\Bankrupt\Adversar\1AComplain.527